## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

05 FEB -4 AM 9:32

EDWARD TIMOTHY GARCIA,

    Plaintiff,

v.                                                                                                            No. CIV-04-1418 JB/WDS

SOUTHERN NEW MEXICO
CORRECTIONAL FACILITY, et al.,
MR. JOSEPH BENCOMO,
PROGRAMS DIRECTOR;
MR. ROBERT ULIBARRI,
SENIOR WARDEN;
MRS. LUPE MARSHALL,
ASSOCIATE WARDEN;
ADDUS HEALTHCARE, INC.,
MS. SUSAN K. STAUFFER,
HEALTH SERVICES ADMINISTRATOR,
NEW MEXICO ADULT PAROLE BOARD,
MR. TIM KLEIN, CHAIRMAN,

    Defendants.

### MEMORANDUM OPINION AND ORDER

    **THIS MATTER** comes before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, to review the Plaintiff's civil rights Complaint. The Plaintiff, Edward Timothy Garcia, is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons stated below, the Court will dismiss certain of Garcia's claims.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule



12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Garcia's pro se Complaint, the Court applies the same legal standards applicable to pleadings that counsel drafts, but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Garcia alleges he had a cyst on his left wrist that caused him significant pain. A specialist drained the cyst and told Garcia that it should be removed. After the initial treatment, prison medical personnel ordered light-duty work restrictions for Garcia. When Garcia transferred to another facility, Defendant Joseph Bencomo removed the light-duty restrictions and required Garcia to work in the kitchen. Later, the classification committee rescinded the work order, but the Defendants have refused to allow the necessary surgery. Furthermore, the parole board denied him parole because his medical condition would have prevented him from meeting the required terms of his parole. Garcia contends that the Defendants' conduct has violated his rights under the First, Fifth, Eighth, and Fourteenth Amendments. He seeks damages.

The Court may not grant relief on Garcia's claims against Defendants Robert Ulibarri and Lupe Marshall. The Complaint contains no allegations against these Defendants affirmatively linking them to the various violations. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). Garcia alleges only that they did not respond to "request forms" that he sent them. To succeed on a complaint under § 1983, Garcia must allege some personal involvement by the Defendants in the constitutional violation. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). A plaintiff may not base a civil rights action against a state official solely on a theory of

2

respondeat superior liability for the actions of workers that the official supervises. See id. A plaintiff instead must allege that a supervisor committed "a deliberate, intentional act . . . to violate constitutional rights." *Woodward v. City of Worland*, 977 F.2d 1392, 1399 (10th Cir. 1992). Other than a law enforcement officer observing excessive force, see *Lusby v. T.G. & Y. Stores, Inc.*, 749 F.2d 1423, 1433 (10th Cir. 1984), rev'd on other grounds, *City of Lawton v. Lusby*, 474 U.S. 805 (1985), failure to intervene is not a basis of § 1983 liability, see *Langley v. Adams County*, 987 F.2d 1473, 1481 (10th Cir. 1993). The Court will dismiss claims against these Defendants.

Tim Klein is the chairperson of the New Mexico Parole Board. Garcia alleges that Klein denied him parole in violation of his constitutional rights. The United States Court of Appeals for the Tenth Circuit held in *Knoll v. Webster*, 838 F.2d 450, 451 (10th Cir. 1988), that a member of a parole board "is absolutely immune from damages liability for actions taken in performance of the Board's official duties regarding the granting or denial of parole." All of Garcia's allegations describe actions that Klein took during the course of his official duties. Thus, Klein is absolutely immune to Garcia's suit for damages. The Court will dismiss Garcia's claims against Klein.

Last, the Court's docket indicates that Southern New Mexico Correctional Facility and New Mexico Adult Parole Board are named Defendants. The Court construes claims against these Defendants as claims against the state. See *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). "As we explained in *Harris*, 'a governmental entity that is an arm of the state for Eleventh Amendment purposes' is not a 'person' for section 1983 purposes." *McLaughlin v. Bd. of Tr. of State Coll.*, 215 F.3d 1168, 1172 (10th Cir. 2000) (citing *Harris v. Champion*, 51 F.3d 901, 905-06 (10th Cir.1995)). The Court will dismiss Garcia's claims against these Defendants.

**IT IS THEREFORE ORDERED** that the Plaintiff's claims against Defendants Southern

New Mexico Correctional Facility, Robert Ulibarri, Lupe Marshall, Tim Klein, and New Mexico Adult Parole Board are DISMISSED with prejudice; and these Defendants are DISMISSED as parties to this action;

**IT IS FURTHER ORDERED** that the Clerk is directed to issue notice and waiver forms, with copies of the complaint, for Defendants Joseph Bencomo, Addus Healthcare, Inc., and Susan K. Stauffer.

_____
UNITED STATES DISTRICT JUDGE