IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**EDWARD TIMOTHY GARCIA,**

    **Plaintiff**

    vs.                              NO. 05cv1418 JB/WDS

**MR. JOSEPH BENCOMO,
ADDUS HEALTHCARE, INC.,
and MS. SUSAN K. STAUFFER,**

    **Defendants**

## MAGISTRATE JUDGE'S PROPOSED
## FINDINGS AND RECOMMENDED DISPOSITION[1]

This matter comes before the Court on Defendant Joseph Bencomo's Motion to Dismiss On The Pleadings or For Summary Judgment. (Doc. 15) Defendant seeks judgment in his favor on the grounds that he was not mentioned in either of Plaintiff's grievances, nor was either grievance appealed. Accordingly, Defendant contends that Plaintiff failed to exhaust his administrative remedies and Plaintiff's lawsuit should be dismissed pursuant to 42 U.S.C. §1997e(c)(1). Plaintiff opposes Defendant's motion by noting that Mr. Bencomo's actions are incorporated by reference in his grievances, even if he is not mentioned by name. Plaintiff also argues that Mr. Bencomo's wrongful act was a "classification issue" that is non-grievable.

STANDARD OF REVIEW AND ANALYSIS

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. §636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

As an initial matter, although this motion was originally presented as a "Motion to Dismiss [under F.R.C.P. 12] or For Summary Judgment", matters outside the pleadings were presented by both parties. Accordingly, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. F.R.C.P. 12(c). Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law. *Celotex v. Catrett*, 477 U.S. 317 (1986). The moving party must initially establish the absence of a question of fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970). Thereafter, Rule 56 requires the responding party to go beyond the pleadings and identify sufficient evidence to show that there is a genuine issue for trial. *Allen v. Muskogee Oklahoma*, 119 F.3d 837, 841 (10th Cir. 1997) *cert. denied*, 118 S. Ct. 1165 (1998).

## ANALYSIS

42 U.S.C. §1997e(a) provides that "No action shall be brought with respect to prison conditions . . .until such administrative remedies as are available are exhausted." Inmates must fully exhaust all of their claims before filing in federal court. *Ross v. County of Bernalillo*, 365 F.3d 1181, 1190 (10th Cir. 2004). The prison grievance process must be strictly adhered to by the Plaintiff--the doctrine of substantial compliance does not apply. *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). It is uncontroverted that if Plaintiff has not exhausted his administrative remedies in connection with his complaints regarding the actions of Mr. Bencomo, his complaint should be dismissed. 42 U.S.C. §1997e(c)(1).

Two grievance forms are attached as Exhibits to the Defendant's motion. Grievance File No.

03-12-02 relates to an incident that occurred on December 3, 2003. Grievance File No. 03-12-03 relates to an incident that occurred December 4, 2003. Both grievance documents were received by the Grievance Officer, and accepted for consideration, on December 5, 2003. Defendant accurately observes that his name does not appear in either grievance, and that both grievances start with the words "I am grievancing the medical department." It is also true, however, that Plaintiff states in the second grievance: "I am now being compelled to perform labor in pain and without the full function of my entire left hand." In the section captioned Relief Requested, Plaintiff wrote ". . .I am being tortured by being compelled to work in constant pain."

However, even if the Court was to read Plaintiff's grievances liberally enough to find that they stated a grievance against Mr. Bencomo, it is uncontroverted that neither grievance was appealed. Step 5 on each form is a "Department Appeal", and in both instances the section is blank. The appeal process is described in Section D of CD-150501, titled "Inmate Grievances", which Defendant attached as an exhibit to his moving papers. Furthermore, Defendant has attached the affidavit of Ralph Casaus, Inmate Grievance Coordinator for the New Mexico Department of Corrections. Mr. Casaus states in his affidavit that neither of Plaintiff's grievances was appealed. Plaintiff has produced no evidence to the contrary. The Court is constrained to find that Plaintiff has not exhausted his administrative remedies in connection with the matters presented in Grievances 03-12-03 and 03-12-04.

Plaintiff's second argument is that Mr. Bencomo's actions constituted a "classification issue" that was non-grievable. Some support for Plaintiff's position can be found in CD-150500, also titled "Inmate Grievances." Paragraph D(2)(d) of the Policy section of CD-150-500 states that "Any matter involving a classification decision" is non-grievable. However, D(2)(d) goes on to state "A

3

separate appeal process is provided by Department policy for classification actions or placement in Level 6." Plaintiff has presented no evidence that he even initiated, let alone exhausted, the separate appeal process provided for classification decisions. Accordingly, even if Mr. Bencomo's actions were to be considered a non-grievable classification decision, as advocated by Plaintiff, Plaintiff has failed to exhaust his administrative remedies in regard to Mr. Bencomo, and his complaint should be dismissed pursuant to 42 U.S.C. §1997e(c)(1).

## CONCLUSION

The Court finds and concludes that Plaintiff has failed to exhaust his administrative remedies in connection with his complaints regarding the work assignments he was given by Defendant. Accordingly, the Magistrate Judge recommends that Plaintiff's complaint against Defendant Joseph Bencomo should be dismissed without prejudice.

**W. Daniel Schneider**
**United States Magistrate Judge**